UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ORTIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIVERSIFIED CONSULTANTS, INC., et al.,<br><br>　　　　　Defendants. | No.  2:17-cv-0590 TLN AC<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §1915. ECF No. 2. Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Id. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

I. SCREENING STANDARDS

Granting IFP status does not end the court's inquiry, however. The IFP statute requires federal courts to dismiss a case if the action is legally "frivolous" or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules

1

of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1). The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

1 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at
2 678.
3      A pro se litigant is entitled to notice of the deficiencies in the complaint and an
4 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See
5 Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II.  THE COMPLAINT

The complaint alleges multiple violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq. ECF No. 1 at 3 ¶ A, 5 ¶ III.  These statutes are asserted as the basis for federal question jurisdiction. Id.

Plaintiff alleges generally that he "never conducted business with defendants, Diversified Consultants, Inc.," or its owners Charlotte L. Zehner and Christopher Zehner, yet defendants "reported to the credit bureaus an alleged debt/account" that plaintiff owes defendants.  ECF No. 1 at 5 ¶ III.  Plaintiff then specifies 24 discrete statutory violations[1] without, for the most part, identifying which acts violated which statute.  Some of the acts are alleged to have been performed by DCI as a creditor, and others are alleged to have been performed by DCI as a debt collector.  Id.  No information is provided about the nature of DCI's business, and there are no factual allegations from which DCI's status as a putative creditor or as a debt collector can be inferred.  The complaint states that all alleged violations occurred on January 10, 2017, when the disputed debt was reported to the credit bureaus, id., but does not provide any other information about the debt.  Neither amount of the reported debt nor the date associated with the debt itself is specified.  There is no recitation of the information that was reported to the credit bureaus, or that appears on plaintiff's credit history as the result of DCI's reporting.  Furthermore, the complaint does not state how and when plaintiff learned of the error in his credit report, or whether and how

---

[1] Plaintiff alleges that defendants failed to provide him "with 30 days to dispute an alleged debt and reported the alleged debt to [his] credit file," "reported an invalid debt [and account]," "refused to cease and desist (C/D) by reporting a disputed debt to [the credit bureaus]," "misrepresented itself [] when it reported an invalid debt [and account]," among a myriad of other violations. Id.

1  he notified defendants and/or the credit reporting agencies that the information was erroneous.
2  Nor does the complaint provide any background facts about plaintiff's interactions with
3  defendants, if any, prior to the reporting of the debt.[2]

4  In its current form, the complaint does not satisfy the requirements of Rule 8.  Because the
5  complaint contains no facts other than the date of reporting that might identify the disputed debt,
6  it fails to provide defendants with fair notice of the claims against them and sufficient information
7  to respond to the complaint.  See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (Rule 8
8  requires "sufficient allegations to put defendants fairly on notice of the claims against them.").
9  The complaint must, among other things, identify the disputed debt with sufficient detail that
10 defendants will be able to readily identify the matter at issue.  The amount of the disputed debt,
11 and the circumstances and date of its origin (if known to plaintiff), would help identify the debt
12 for purposes of satisfying Rule 8, but this information is missing.

13 Moreover, the complaint lacks facts necessary to determine whether plaintiff states a
14 claim under the statutes on which he relies.  As noted above, the complaint does not specify
15 which alleged wrongful act violated which statute.  Also, the complaint lacks facts necessary to
16 demonstrate that the FDCA applies at all.  The Fair Debt Collection Practices Act applies only to
17 debt collectors as defined by the Act.  Schlegel v. Wells Fargo Bank, NA., 720 F.3d 1204, 1208
18 (9th Cir. 2013); 15 U.S.C. § 1692(e), (f)).  The complaint does not contain any facts that support
19 an inference DCI is a debt collector within the meaning of the FDCPA.  Plaintiff's conclusory use
20 of the term "debt collector" is not sufficient.

21 The Fair Credit Reporting Act imposes a set of duties upon consumer reporting agencies
22 (none of whom are named as defendants here), and a more limited set of duties upon persons who
23 furnish information to reporting agencies.  See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d
24 1147, 1153 (9th Cir. 2009); 15 U.S.C. § 1681(a)(3)-(4), § 1681s-2(a), (b).  The duties that are
25 imposed on "furnishers" of information, including creditors, depend on whether the consumer has
26 disputed the information with the creditor prior to its reporting, or with the consumer reporting

---

[2] Plaintiff's allegation that he "never conducted business with defendants" does not support an inference that he had no dealings with them that led to the financial dispute.

agency subsequently. Id. Because the complaint does not say whether plaintiff disputed the existence of the debt with defendants prior to its reporting, or with the credit bureaus subsequently (resulting in notification from the reporting agency to the furnisher of the information that it had been disputed by the consumer), it is impossible to determine whether any of the alleged violations come within the scope of the statute.

Because the complaint does not comport with Rule 8 for the reasons identified above, and therefore does not permit determination whether plaintiff has stated a claim for relief under the FDCPA or the FCRA, the complaint will be dismissed with leave to amend.

### III. AMENDING THE COMPLAINT

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). To the extent possible, plaintiff should provide the information identified as missing above.

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## IV.  PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your application to proceed in forma pauperis will be granted, but your complaint is being dismissed and you are being given an opportunity to submit and amended complaint within 30 days.  The amended complaint should include more information about the disputed debt, such as the amount and the date(s) the debt was incurred or the account became overdue according to defendants.  Other problems with the original complaint that you will have the chance to correct are: (1) it provides no facts about what DCI does that show DCI qualifies as a "debt collector" under the FDCPA; (2) it does not specify which of the alleged violations are violations of the FDCPA and which are violations of the FCRA; (3) it gives no background information about your interactions with DCI before or after the disputed debt was reported; (4) it does not say what you did to dispute the debt with DCI, or whether you disputed the report of the debt with the credit bureaus.  An amended complaint should briefly provide the necessary information, following the directions above.

## V.  CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. The complaint (ECF No. 1), is DISMISSED with leave to amend;
3. Plaintiff may file an amended complaint within 30 days of the date of this order.  If plaintiff files an amended complaint, he must comply with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

DATED: July 27.2017.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE